IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

    Plaintiff,                     No. CIV S-11-0520 DAD P

    vs.

GARY SWARTHOUT, et al.,

    Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, filed a § 1983 civil rights action in the Santa Clara County Superior Court. Defendant Swarthout filed a notice of removal of the action in the U.S. District Court for the Northern District of California. On February 17, 2011, the action was transferred to by that court to the Fresno Division of the U.S. District Court for the Eastern District of California. On February 24, 2011, the case was transferred to the Sacramento Division of this court. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Screening Requirement**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

**II. Plaintiff's Complaint**

In his complaint plaintiff alleges as follows. On March 19, 2010, while he was incarcerated at California State Prison - Solano, plaintiff filed a staff complaint against correctional officer McCraw for sexual harassment. (Doc. No. 1 at 7-8.) On April 26, 2010, plaintiff was placed in administrative segregation for approximately forty-two days pending the investigation of his complaint. (Id. at 9.) The investigation resulted in a finding by prison officials that staff did not violate departmental policy. (Id.) On August 12, 2010, plaintiff was moved back to administrative segregation for "staff safety." (Id.) The lock-up order indicated that the staff misconduct was determined to be unsubstantiated and that officer McCraw "believes his safety would be in jeopardy if you were returned to the General Population at CSP-Solano." (Id.) Plaintiff contends that officer McCraw never mentioned his safety concerns during the investigation of plaintiff's complaint. (Id. at 10.) Plaintiff also contends that at his second hearing before the ICC, he was told that he would be transferred to CSP-Soledad or to the California Medical Facility, but that on September 21, 2010, he was involuntarily transferred to CSP-Avenal instead. (Id. at 10-11.)

/////

1    Plaintiff claims that in violation of the First and Fourteenth Amendments, he has
2    suffered retaliation because he filed prison grievances and is known as a jailhouse lawyer. (Id. at
3    13.) Plaintiff seeks monetary damages, unspecified injunctive relief, and transfer to CSP-
4    Soledad or the California Medical Facility. (Id. at 16.)
5    **III.  Discussion**
6        A.  Insufficient Allegations Concerning the Involvement of Defendant(s)
7            Plaintiff has named Gary Swarthout as a defendant in his complaint. However,
8    the only allegation of plaintiff's complaint concerning defendant Swarthout is that he transferred
9    plaintiff to CSP-Avenal. This singular allegation does not explain what actions defendant
10   Swarthout took to cause plaintiff's transfer, nor does it address how defendant Swarthout was
11   allegedly aware of plaintiff's grievances and activities as a jailhouse lawyer and acted in
12   retaliation for those activities.[1] Therefore, the court will dismiss the complaint and order plaintiff
13   to file an amended complaint.
14           In any amended complaint he elects to file plaintiff must allege in specific terms
15   how each named defendant was involved in the deprivation of plaintiff's rights. There can be no
16   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
17   defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.
18   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
19   1978). Vague and conclusory allegations of official participation in civil rights violations are not
20   sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21           Moreover, supervisory personnel are generally not liable under § 1983 for the
22   actions of their employees under a theory of respondeat superior and, therefore, when a named
23   defendant holds a supervisorial position, the causal link between him and the claimed
24   constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

---

[1] Although the court is aware that defendant Swarthout is the Warden at CSP-Solano, plaintiff does not so allege in his complaint.

3

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights

   B.  Retaliation Claim

To support a First Amendment claim of retaliation under § 1983, a prisoner must allege that (1) prison officials retaliated against him for exercising his constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the correctional institution or is not narrowly tailored to achieve those goals.  See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  A prisoner must also allege facts establishing that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977).  Bare allegations are insufficient to avoid summary dismissal of a retaliation claim.  See Rizzo, 778 F.2d at 532, n.4; see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).[2]

Therefore, in any amended complaint he elects to file, plaintiff must identify the protected conduct that he engaged in that allegedly caused the retaliatory actions.  In other words, plaintiff must clarify if he is claiming that his protected conduct was the filing of the staff complaint against officer McCraw or some other grievance that he pursued.  If the latter, plaintiff must allege facts identifying the specific grievances that he filed, the date and nature of those grievances which he contends resulted in the acts of retaliation.  Plaintiff may provide copies of the staff complaint or grievances that he filed in this regard.  Plaintiff must also allege facts that, if proven, would suggest that his transfer to CSP-Avenal did not advance legitimate correctional goals.  This is especially true here, where it would appear from plaintiff's own allegations that his transfer to CSP-Avenal would appear to have distanced plaintiff from officer McCraw, whom plaintiff claimed had engaged in sexual harassment.

/////

---

[2] Plaintiff is advised that a retaliation claim is based on the First Amendment and not the Fourteenth Amendment's Due Process Clause.

    C. Requested Relief

In any amended complaint filed in this action, plaintiff must also identify the injunctive relief he seeks. To the extent that plaintiff seeks an order requiring that he be transferred to CSP-Soledad or the California Medical Facility, plaintiff is advised that prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

**IV. The Amended Complaint**

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

/////

3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 7, 2011.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
chri0520.14