IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

    Plaintiff,                     No. 2:11-cv-00520-DAD P

    vs.

GARY SWARTHOUT,

    Defendant.                ORDER

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action was initially filed in the Santa Clara County Superior Court, then removed to the U.S. District Court for the Northern District of California, transferred to the U.S. District Court for the Eastern District of California, Fresno Division, and finally transferred to this court. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1). Both parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (See Docs. No. 9 & 10.) Before the court is plaintiff's amended complaint and request to add documents to his amended complaint.

**I. Plaintiff's Amended Complaint**

        In his amended complaint, plaintiff claims that he was retaliated against by defendant Warden Swarthout of California State Prison (CSP) - Solano. Plaintiff alleges that he

1

submitted an inmate grievance concerning sexual harassment by officer McCraw and that subsequently plaintiff appeared before the classification committee to be transferred to another prison. Plaintiff did not oppose the transfer but did request that he be transferred to the Correctional Training Facility in Soledad or the California Medical Facility in Vacaville. Plaintiff alleges that defendant Swarthout told plaintiff that he would not be transferred to CSP-Avenal because it would be too far. However, despite this assurance, plaintiff was transferred to CSP-Avenal. Plaintiff contends that defendant Swarthout "lied to plaintiff" and that his transfer away from Norther California was retaliatory. (Doc. No. 12 at 5.) Plaintiff's sole request for relief is that the court issue "an order to transfer plaintiff back up north to CMF-Main or Soledad." (Id. at 4.)

**II. Failure to State a Claim and Appropriate Relief**

In the court's November 8, 2011 order (Doc. No. 11), plaintiff was informed that the court is required to screen complaints filed by prisoners and that the court would dismiss a claim that is frivolous or fails to state a cognizable claim. Plaintiff was advised that for a defendant in a supervisory position, the involvement of such a defendant and causal link to the constitutional violation needed to be specifically alleged. Plaintiff was provided the legal standards governing a retaliation claim and advised that he must provide factual allegations which would show that his transfer to CSP-Avenal did not advance legitimate correctional goals. As for his prayer for relief, plaintiff sought an injunction requiring that he be transferred to Soledad or the California Medical Facility. Plaintiff was advised that inmates do not have a constitutional right to be incarcerated at a particular correctional facility.

In his amended complaint, plaintiff again fails to provide factual allegations which support a retaliation claim against defendant warden Swarthout. Plaintiff's only allegation is that defendant Swarthout disagreed with transferring plaintiff to CSP-Avenal and appeared to be in favor of keeping plaintiff in Northern California. (Doc. No. 12 at 5 & 26.) Plaintiff appeared before the Institutional Classification Committee (ICC) which nonetheless authorized his transfer

to CSP-Avenal.  There are no allegations that this transfer decision was influenced or ordered by defendant warden Swarthout.  As to the reason for his transfer away from Northern California, plaintiff alleges:

> Plaintiff was sent to CSP-Avenal as punishment.  Because CSP-Solano Warden Gary Swarthout knew plaintiff could have no electrical appliances of any kind. [sic]  Yet, CSP-Solano lets inmates have electrical appliances.

(Id. at 27.)

Plaintiff's amended complaint does not state a cognizable retaliation claim.  Plaintiff's allegations do not show that defendant Swarthout had a retaliatory motive, that the transfer did not advance legitimate correctional goals, or that defendant Swarthout even made the final decision about plaintiff's transfer to CSP-Avenal.

In addition, the only relief plaintiff seeks in this action is for an order requiring that he be transferred to a correctional facility in Northern California.  In particular, plaintiff specifically seeks a transfer to the Correctional Training Facility in Soledad or the California Medical Facility in Vacaville.  On July 20, 2012, plaintiff filed a notice of change of address which reflects that plaintiff has been transferred from CSP-Avenal to San Quentin State Prison.  Since plaintiff is now incarcerated in Northern California, it appears that the relief he seeks has been rendered moot.  As to plaintiff's request to be transferred to a specific prison, plaintiff has previously been advised that he has no constitutional right to be incarcerated at or transferred to a particular correctional facility. (Doc. No. 11 at 5) (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)).

The court has carefully considered whether plaintiff may amend his complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while

leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies of the amended complaint noted above and the fact that plaintiff has already been provided with an opportunity to cure those deficiencies and has been unsuccessful, the court finds that it would be futile to grant plaintiff further leave to amend.

**III. Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act of 1995 (PLRA), prisoners seeking relief under § 1983 must first exhaust all available administrative remedies prior to bringing suit. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006). Plaintiff has failed to do so. Plaintiff alleges that on December 15, 2010, he received a second level decision signed by defendant Swarthout concerning his alleged retaliatory transfer (Appeal Log CSP-S-10-01161). (Doc. No. 12 at 5.) Plaintiff has attached to his amended complaint an "Inmate/Parolee Request For Interview" form which shows that his inmate appeal was granted in part on December 16, 2010. (Id. at 9, § B (Staff Response).) The original complaint in this action was filed with the Santa Clara County Superior Court on December 3, 2010. Therefore, it appears from the allegations of his amended complaint that plaintiff failed to exhaust administrative remedies prior to filing this lawsuit.[1] See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that administrative remedies must be exhausted prior to suit).[2]

/////

---

[1] The court's records show that plaintiff has filed several cases in state court which have been removed to this court. In Christ v. McCraw, No. 2:11-01156-GEB-JFM P, plaintiff alleged that he was subjected to sexual harassment by defendant McCraw and that in retaliation for filing an inmate appeal, he was placed in administrative segregation and transferred to another institution. (Christ v. McCraw, No. 2:11-01156-GEB-JFM P, Doc. No. 35 at 1.) In that action, defendant McCraw filed a motion to dismiss for failure to exhaust administrative remedies. The court granted the motion, finding that plaintiff filed his complaint with the Santa Clara County Superior Court over six months before he had exhausted his administrative remedies with respect to his retaliation claim. (Id. at 3.)

[2] Although the court would normally dismiss an action without prejudice when there has been a failure to exhaust administrative remedies, in this case dismissal will be with prejudice because of plaintiff's failure to state a cognizable claim as noted above.

**IV. Plaintiff's Request to Add Documents to Amended Complaint**

In considering plaintiff's amended complaint, the court has considered the documents attached to plaintiff's request. Therefore, his request to add documents to his amended complaint ((Doc. No. 16), will be granted.

**Conclusion**

1. Plaintiff's August 14, 2012 request to add documents to his amended complaint (Doc. No. 16) is granted; and

2. This action is dismissed with prejudice due to plaintiff's failure to state a cognizable claim. 28 U.S.C. §1915A.

DATED: November 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
chri520.fsc-fte